813 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ferrell STILTNER, Petitioner,
v.
U.S. DEPARTMENT OF LABOR, BENEFITS REVIEW BOARD, Respondent.
 No. 86-3813.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 30, 1986.
Decided Aug. 12, 1986.
 
 Before HALL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Ferrell Stiltner, petitioner pro se.
 Diane Hodes, Associate Solicitor, for respondent.
 PER CURIAM:
 
 
 1
 Ferrell Stiltner, a former coal miner, petitions pro se for review of an order of the Benefits Review Board (Board) reversing the Administrative Law Judge's (ALJ) decision granting him benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq.
 
 
 2
 The ALJ invoked the interim presumption pursuant to 20 C.F.R. Sec. 727.203(a)(4) and found the Director failed to rebut it under 20 C.F.R. Sec. 727.203(b). On appeal the Board found there was not substantial evidence to support invocation of the presumption pursuant to Sec. (a)(4). Because the Board found the presumption had not been invoked it declined to consider whether the ALJ's finding of no rebuttal was supported by substantial evidence.
 
 
 3
 The record contains a positive reading by Dr. J.P. Sutherland of an x-ray taken on May 21, 1979. In Stapleton v. Westmoreland Coal Co., 785 F.2d 424, 426 (4th Cir.1986) (en banc) this Court held that the interim presumption under Sec. 727.203(a)(1) is invoked when there is credible evidence that a qualifying x-ray indicates the presence of pneumoconiosis. The Director in his informal brief concedes that the May 21, 1979, x-ray is sufficient to raise the interim presumption but urges this Court to find the evidence before the ALJ rebutted the presumption. We find the Board's holding that the claimant failed to invoke the interim presumption is incorrect and remand this case to the Board for consideration of whether substantial evidence supported the ALJ's finding of no rebuttal. We decline to consider the rebuttal issue before the Board has had a chance to review it.
 
 
 4
 Since the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 5
 REMANDED.